## NATHAN MAYHEW *vs.* NOAH THAYER.

A husband, whose wife has left his house with his express or implied consent, or in consequence of his cruelty and neglect, is bound to pay for necessaries furnished to her while so absent, until he goes or sends for her to return.

A person who, at the request of a wife who has justly left her husband's house, employs and pays a physician for necessary medical attendance upon her, may recover from the husband the amount so paid.

In an action against a husband for necessaries furnished to his wife while lawfully absent from his house, evidence of harsh language used to the wife's son in her presence by the defendant is admissible for the purpose of showing harsh and cruel treatment of the wife by him.

In an action against a husband for necessaries furnished to his wife while lawfully absent from his house, a son of the defendant, called as a witness by him, may be asked, on cross-examination, in order to impeach his testimony and show his interest, what was the consideration of a conveyance made to him by his father, and whether it was not fraudulent; and also if his father lived with him, and paid board to him.

ACTION OF CONTRACT for necessaries furnished to the defendant's wife, including cash paid to a physician for attendance upon her, while she was boarding at the plaintiff's house.

At the trial in the court of common pleas, before *Mellen*, C. J., the plaintiff introduced evidence tending to prove that the wife of the defendant left his house with his consent, and on a visit to her relatives, and was there taken sick, so as to be unable to return; that the defendant, before she left him, treated her with neglect and cruelty, so as to endanger her health, though not with personal violence; and, after he knew of her sickness, did not go or send for her, but refused to let her return, and for six months after she left him paid her expenses; that the articles furnished were necessary and suitable for her support; and that the plaintiff, at her request, asked a physician to visit her while at his house, and afterwards paid him for his visits the amount claimed; but he offered no evidence of authority from the defendant himself to employ the physician or to pay his bill.

The court instructed the jury, "that if they were satisfied that the defendant's wife left his house with his express or implied consent, he was bound to go or send for her to return; and if she remained away with his consent, the defendant was

liable for necessaries furnished to her; that if she wantonly left his house, without having received cruel treatment from him, he was not bound to go or send for her to return; but if she left him by reason of ill treatment, he was bound to go for her or send for her, and if he did not, a stranger might recover for necessaries furnished for her." .

The defendant contended that the plaintiff was not entitled to recover the amount of the physician's bill, or any part of it, even if it was necessary; but that the physician alone could maintain an action therefor. But the judge ruled, that if the defendant's wife was at the plaintiff's house under such circumstances that he was entitled to recover for necessaries furnished to her, and if she was so sick as to need medical attendance, and the plaintiff, at her request, furnished it to her, and paid for it, he could recover the amount so paid in this action.

The plaintiff was permitted, against the defendant's objection, to introduce evidence that the defendant had, in his wife's presence, with harsh language ordered out of the house a son of hers by a former husband; and also of the manner in which it was done.

The plaintiff was also permitted, against the defendant's objection, in cross-examining a son of the defendant offered as a witness by him, in order to impeach his testimony and show his interest, to inquire about the consideration of a conveyance made to him by his father; whether it was fraudulent or not; at whose suggestion it was made; how he paid for it; who kept the house where the defendant lived; and if the defendant paid board to the witness.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*L. Shaw, Jr.* for the defendant. 1. The judge erred in instructing the jury, that if the defendant's wife left his house with his express or implied consent, he was bound to go or send for her to return; and that if she remained away with his consent, the defendant was liable for necessaries furnished to her. The husband's mere passive consent to the absence of his wife from his house is not enough to render him liable for her main-

tenance elsewhere. The rule of law is, that a husband is bound to provide his wife with necessaries in his own family; and is not bound to furnish her with them, if she does not choose to live in his family, unless he is personally abusive of her, or is guilty of such cruelty to her that she has reasonable apprehension of farther personal violence. *M' Cutchen* v. *M' Gahay*, 11 Johns. 311. *M' Gahay* v. *Williams*, 12 Johns. 293. *Houliston* v. *Smyth*, 3 Bing. 127. *Reed* v. *Moore*, 5 Car. & P. 200. *Atkins* v. *Curwood*, 7 Car. & P. 756. 2 Bright on Husband & Wife, 10–13.

2. Even if the physician's services were rendered under circumstances which would make the defendant liable to pay for them, he would be liable to the physician alone, and an action therefor must be brought in the physician's name.

3. Harsh language addressed to a son of the defendant's wife, if proved, has no tendency to render the defendant liable to pay for the articles furnished to his wife by the plaintiff.

4. The questions permitted to be put in cross-examination of the defendant's son, in whatever way they might be answered, did not tend to impeach the character of the witness for truth and veracity, or to show that he had a pecuniary interest in this suit.

*J. A. Bolles*, for the plaintiff.

MERRICK, J. 1. It is insisted for the defendant that the presiding judge erred in instructing the jury that if they were satisfied that Mrs. Thayer left her husband's house with his express or implied consent, he was bound to go or send for her to return; and that if she remained away with his consent, he was liable to pay the plaintiff for necessaries furnished to her for her support. So far as these instructions relate to the supposed or real duty of the defendant to go or send for his wife, they were evidently induced by the facts developed upon the trial, and especially those in relation to the causes which prevailed upon the defendant's wife to leave his house, and the circumstances under which she left it.

But this is really unimportant, since in the sentence next following the remarks of the presiding judge upon this subject,

the extent of the liability of the defendant was carefully and accurately defined, and just limitations were prescribed as to the right of the plaintiff to recover. He could recover for necessaries furnished for the support of the wife, if, at the time they were supplied, she was absent from her husband's house with his consent. This is consonant to the rule laid down in all the authorities. Thus it is said by Chancellor Kent: " If the husband abandons his wife, or they separate by consent, without any provision for her maintenance, or if he sends her away, he is liable for her necessaries; and he sends credit with her to that extent." 2 Kent Com. (6th ed.) 146. " In like manner, if the husband and wife mutually consent to live apart, she has a right to bind him, by contracting for her reasonable and necessary expenses, as long as the consent continues." Smith on Con. 289. If they separate by consent, the husband is liable for reasonable maintenance of his wife until his consent is revoked, unless she has a competent provision from him, or from some fund of her own; and the burden of proof is on him, if he would exonerate himself from liability, to show that she has such fund. *Emmett* v. *Norton,* 8 Car. & P. 506. *Dixon* v. *Hurrell,* 8 Car. & P. 717. *Rumney* v. *Keyes,* 7 N. H. 571. The principle thus asserted does not appear to be anywhere denied. It is recognized in several of the authorities referred to by the defendant, particularly in the cases of *Houliston* v. *Smyth,* 3 Bing. 127, and *Atkins* v. *Curwood,* 7 Car. & P. 756 ; and as the instructions given to the jury were in conformity to it, they afford the defendant no just ground of exception.

2. The objection that, for the expense incurred in procuring the attendance and services of the physician, no action can be maintained by the plaintiff, is founded upon a misapprehension of fact in relation to the person with whom the contract was made. Undoubtedly, if the physician had been employed by the wife on her husband's credit, they would be the only persons who could properly be made parties to an action, the object of which was the recovery of compensation for services rendered. But that was not the contract. The jury have found, under the accurate rule prescribed for their guidance, that the plaintiff, at the

request of Mrs. Thayer, procured and furnished, at his own cost and charge, the medical advice and assistance which her situation required. If the physician's bill had not been voluntarily paid, it might have been recovered by him. But it was paid by the plaintiff, and the payment gave him a right to call on the defendant for a similar amount, as an item of expense necessarily incurred in the maintenance of his wife.

3. In another branch of the case, and for the purpose of showing that she was justified in leaving his house on account of his gross misconduct towards her, which, under the issue to be tried, was properly made one of the subjects of inquiry, the plaintiff was permitted to give evidence of the manner in which, in her presence, the defendant ordered his wife's son out of the house, and of the harsh language then used towards him. As one of a series of acts of vexation and annoyance, perpetually occurring, by which her residence with him was made at first uncomfortable and at last insupportable, the conduct of the defendant on this occasion was a fit matter to be laid before the jury, as having some tendency to establish the fact of gross ill treatment, which the plaintiff was attempting, and had a right, to prove in the case. Of itself, it may be thought to be of very little importance ; but the jury would judge of the weight to be attached to it; while the court had only to determine whether it was proper to be considered at all.

4. Objection is taken by the defendant to the cross-examination of one of his witnesses, which was allowed by the court. Considering the relation in which the witness stood to the party, that there was a family difficulty, and that it is perfectly natural, and in accordance with all experience, that testimony given under such circumstances is liable to be affected by a prevailing bias, or by some inveterate prejudice, of the force of which the witness may not himself be fully sensible, we cannot say that the presiding judge erred in suffering the inquiry to take too broad a range. There are no positive and fixed limits to a cross-examination. Matters wholly irrelevant are of course to be excluded ; but, subject to that rule, much must be left to the judgment and discretion of the court under whose supervision

the trial takes place. The conveyance of property from the defendant to his son, the circumstances under which it took place, the influence it would be likely to produce upon his mind, and the general relations subsisting between them, might properly, when considered in reference to the whole testimony of the witness, and his own appearance and demeanor while giving it, have some effect upon the degree of credibility which ought to be awarded to him. Under such circumstances, we do not perceive that the discretionary authority of the court, in fixing the limits of a cross-examination, was here exercised injudiciously; or that the interrogatories proposed to the witness were allowed to extend so far as to afford any just or legal ground of objection to the manner or course of the trial.

*Exceptions overruled.*